IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff/Respondent,

vs.                                      Civ. No. 04CV384BB/ACT
                                          CR 02-501BB

**IGNACIO ALVAREZ-PEREZ,**

    Defendant/Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      **THIS MATTER** comes before the Court upon Defendant Ignacio Alvarez-Perez' ("Alvarez-Perez") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed April 5, 2004. Defendant asserts that his attorney failed to file a notice of appeal. This case was referred to the undersigned United States Magistrate Judge on June 8, 2004 to submit proposed findings of fact and recommendation for the disposition of this case pursuant to 28 U.S.C. §636(b)(1). Having considered the pleadings and the relevant law, the Court recommends that an evidentiary hearing be held. Having recommended an evidentiary hearing be held, the Court also recommends that counsel be appointed for Defendant. *See* Rule 8(c), *Rules Governing Habeas Corpus Under Section 2255*.

### PROPOSED FINDINGS

    1.    On January 12, 2002 at approximately 2:00am, Agent Mark Shank of the United Sates

1

Border Patrol, while operating a long-range, infra-red surveillance camera observed five persons carrying six backpacks cross into the United States and travel in a single-file line towards Sunland Park, New Mexico. All five of the backpackers were arrested by United States Border Patrol Agents. The backpacks contained approximately 22 kilograms of cocaine and 75 kilograms of marijuana.

2. On January 14, 2002, Alvarez-Perez, along with four other defendants, was charged by complaint with Conspiracy of Possession With Intent to Distribute more than 5 kilograms of cocaine and 50 kilograms of marijuana in violation of 21 U.S.C. § 846. On April 3, 2004, Alvarez-Perez was indicted in Las Cruces and arraigned on April 8, 2002. On July 11, 2002, Alvarez-Perez with two other defendants were tried by a jury trial. All were found guilty on all counts on July 13, 2002. One of the other defendants filed a motion for a new trial on July 22, 2002. Alvarez-Perez filed a Notice of Joinder on October 17, 2002. On February 7, 2003, a hearing was held on the Motion for New Trial and Notice of Joinder before the Honorable William K. Sessions, United States District Judge. An order denying the Motion for New Trial was entered on February 14, 2003.

3. On April 2, 2003 Alvarez-Perez appeared before the Honorable Monti L. BeLot, United States District Judge, and was sentenced to the Bureau of Prisons for 151 months on each of the three counts. The sentence was to run concurrent. The Honorable Bruce D. Black, United Sates District Judge, entered the Judgment of Sentence against Alvarez-Perez on June 12, 2003. Alvarez-Perez did not file an appeal.

Ineffective Assistance of Counsel Claim.

4. The analysis in *Roe v. Flores-Ortega* 28 U.S. 470 (2000) controls Alvarez-Perez' claim of ineffective assistance of counsel. Under *Flores-Ortega*, if Alvarez-Perez' claim that he instructed his attorney to file an appeal that was not filed is true, he would have a viable claim under

Section 2255, regardless of the lack of merit of any of the issues he might have raised on appeal. As the Supreme Court stated:

> Assuming those allegations are true, counsel's deficient performance has deprived respondent of more than a *fair* judicial proceeding; that deficiency deprived respondent of the appellate proceeding altogether....[D]enial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right,...demands a presumption of prejudice. 528 U.S. at 483.

Thus, the lack of merit of an appealable issue is immaterial if counsel had "disregarded[ed] specific instructions to perfect a criminal appeal." *Id*.; *United States v. Snitz*, 342 F.3d 1154, 1156 (10th Cir.2003).

5. In this matter Alvarez-Perez and his attorney met after the sentencing and spoke. What was said is in dispute. Alvarez-Perez alleges that he requested his attorney to file an appeal and his attorney contends that the Alvarez-Perez instructed him not to pursue an appeal. Alvarez-Perez's assertion is colorable on its face although it is controverted by counsel's equally credible affidavit. Therefore, I believe an evidentiary hearing following appointment of counsel is warranted under these circumstances. *See De la Rosa- v. United States*, CIV 03-599 MCA/KBM

## RECOMMENDED DISPOSITION

I recommend that an attorney from the CJA panel, other than Paul J. Rubino, be appointed to further represent Alvarez-Perez in this matter.

I also recommend that upon entry of appearance, counsel for Alvarez-Perez and counsel for the United States confer to ascertain whether the matter can be resolved informally and if not, inform me whether an evidentiary hearing is necessary.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations

that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**