# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff-Respondent,

vs.                                                Civ. No. 04cv384 BB/ACT
                                                     Cr. 02-501 BB

**IGNACIO ALVAREZ-PEREZ,**

    Defendant-Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court following an evidentiary hearing on December 3, 2004 on the sole issue in this habeas matter-whether trial counsel was ineffective for failing to file a notice of appeal. Docket Nos. 6 and 7. The Court has reviewed the pleadings, the transcript of the hearing and the arguments of counsel, and recommends that Defendant Ignacio Alvarez-Perez' ("Alvarez-Perez") Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal custody, filed April 2004 be denied. Docket No. 1.

Alvarez-Perez and his trial counsel, Paul J. Rubino ("Rubino"), testified at the evidentiary hearing. Alvarez-Perez testified to the following: he was convicted of drug charges involving cocaine and marijuana and was sentenced for 151 months to federal prison. Tr. 6. On the day of sentencing he was told by the Judge that he had ten (10) days to appeal. Tr. 7. On the day of sentencing Alvarez-Perez told Rubino he was not comfortable with the amount of time he had received. He told

Rubino to file an appeal for him. Tr. 8. Alvarez-Perez further testified that "maybe, perhaps, he did not understand me." *Id*. After the sentencing hearing, he did not see Rubino again. He called Rubino but there was no answer. He thought Rubino had filed an appeal. After sentencing, Rubino told him he was sorry but there was nothing he could do about the amount of time he was sentenced to serve. Tr. 11.

Rubino testified that after the trial, he and Alvarez-Perez had a on-going discussion about an appeal. Tr. 16. Rubino testified that he met with Alvarez-Perez before and after the sentencing hearing. Tr. 15. He told Alvarez-Perez that he was sentenced within the guidelines and there was no basis for an appeal. Tr. 16. He also testified that Alvarez understood and "reluctantly accepted" this fact. Tr. 17. Rubino further testified Alvarez-Perez' instructions were "don't file an appeal if there is no basis." Tr. 22. "I can tell you that when I parted company with him at the end of sentencing, he did not want me to file an appeal." Tr. 23. He further testified that Alvarez thanked him for doing a good job. Rubino joined in a Motion for New Trial which was denied in a fourteen page decision by Judge Sessions. Tr. 21.

The analysis in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) controls Alvarez-Perez' claim of ineffective assistance of counsel. Under *Flores-Ortega*, if Alvarez-Perez instructed his attorney to file an appeal and his attorney did not, then Alvarez-Perez would have a viable claim under § §2255, regardless of the lack of merit of any of the issues he might have raised on appeal. Id. at 483. This decision and the Tenth Circuit's decision in *United States v. Snitz*, 342 F.3d 1154 (10th Cir. 2003) provide that the Court must first answer whether Alvarez-Perez gave his attorney specific instructions to perfect an appeal. *Snitz*, 342 F.3d at 1155-56 ("a lawyer who disregards specific instructions to perfect a criminal appeal acts in a manner that is both professionally unreasonable and presumptively

prejudicial.")

Having heard the testimony of the witnesses and observing their demeanor during the hearing, I find trial counsel's testimony credible. Alvarez-Perez concedes that when he told Rubino to file an appeal that Rubino "maybe, perhaps, he did not understand me." Tr. 8. At best, this is a case where Alvarez-Perez failed to clearly convey his wishes that Rubino file an appeal. The Court also notes that Alvarez-Perez required the assistance of an interpreter at the evidentiary hearing. Tr. 3. However, the Court cannot conclude that Alvarez-Perez inability to speak English may have resulted in any miscommunication. Rubino testified that during the time he represented Alvarez-Perez his legal assistant spoke Spanish. Tr. 14. He further testified that when he spoke with Alvarez-Perez, his legal assistant was present and translated and interpreted at all meetings between him and Alvarez-Perez. Tr 14 and 18. Alvarez-Perez also testified that when he met with Rubin, there was an interpreter. Tr. 9.

Accordingly, Alvarez-Perez has not sustained his burden of demonstrating that his trial counsel failed to file a notice of appeal contrary to his instruction. *United States v. Cronic*, 466 U.S. 648, 658 (1984) (There is a strong presumption that counsel provided effective assistance of counsel, and the defendant has the burden of proof to overcome that presumption.)

## **RECOMMENDED DISPOSITION**

I recommend that Alvarez-Perez' §2255 petition be denied and this action be dismissed with prejudice.

Timely objections to the foregoing may be made pursuant to 28 U.S.C.§ 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and

recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the 10 (ten) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**